IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL R. VARGAS, | § | |
| FCI NO.27530-180, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-1963 |
| | § | |
| JOE CORLEY DETENTION FACILITY, | § | |
| *et al.*, | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Plaintiff, a federal inmate, has filed a *pro se* complaint pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999 (1970). Plaintiff alleges that personnel at the Joe Corley Detention Facility in Montgomery County, Texas, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Docket Entry No.1). The Joe Corley Detention Facility is a privately operated detention facility for federal inmates managed by the GEO Group, Incorporated.[1]

Pending are Defendants' Motion for Summary Judgment, Motion to Dismiss pursuant Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion to Dismiss pursuant to 28 U.S.C. §§ 1915 and 1915A. (Docket Entry No.31). Plaintiff has filed a response to

---

[1] *See* press release regarding contractual agreement between Montgomery County, Texas and the United States Marshals Service for the housing of federal detainees and the agreement between Montgomery County and the GEO Group with respect to management of the facility at phx.corporate-ir.net/phoenix.zhtml?c=91331&p=irol-newsArticle&ID=1174429&highlight= (viewed November 26, 2012). The Joe Corley Detention Facility is the assumed name of the GEO Group, Inc. *See* https://govapps1.propertyinfo.com/wam3/printableResults.asp (viewed November 26, 2012).

the motion, to which defendants have filed a reply.    (Docket
Entries No.38, No.41, No.42, No.43).

## I.  BACKGROUND

Plaintiff contends the following events gave rise to the
pending complaint:  On Thursday, May 7, 2009, Plaintiff submitted
a medical request to see a doctor about an earache.  (Docket Entry
No.9, page 2).  He talked to the Nurse's Aide but she told him that
she could not do anything for him.  (Docket Entry No.1, page 2).
On Sunday, May 10, 2009, he gave Nurse's Aide Jane Doe 1 another
medical request, complaining of the same.  (Docket Entries No.1,
page 2; No.9, page 2).  On May 13, 2009, when Nurse's Aide Jane Doe
1 made her rounds, Plaintiff asked her to give him something for
pain because he had not yet seen a doctor.  (Docket Entry No.1,
page 2).   After lunch, Nurse's Aide Jane Doe 1 gave Plaintiff a
white pill with a line through it that was larger than Ibuprofen;
the pill helped him sleep.   (Docket Entries No.1, page 2; No.9,
page 2).  Around suppertime that same day, Nurse's Aide Jane Doe 1
gave Plaintiff another white pill, which helped him sleep through
the night.   (Docket Entries No.1, page 3; No.9, page 2).   On May
14, 2009, Plaintiff awoke before lunch to talk to the Nurse's Aide
so she would bring him another pill.  (Docket Entry No.1, page 3).
Nurse's Aide Jane Doe 1 gave him a third white pill, which helped
Plaintiff sleep through the afternoon.   (Id.).   Plaintiff awoke

2

that afternoon with a painful erection but did not think much about it.  (Id.).  Later, when Nurse's Aide Jane Doe 1 returned to Plaintiff's pod after supper, he told her about the erection; she indicated that she would check to see if he was allergic to any type of medication.  (Docket Entry No.1, page 3).  She left and Plaintiff did not see her again.  (Id.).

Later that day at shift change, Plaintiff complained to a female guard about his condition and the pain he suffered.  (Id.).  Around 10:00 p.m., the female guard returned for count and Plaintiff again complained to her of his condition.  (Id.).  She asked for his patience and promised to report his condition.  (Id.).

Around midnight or 2:00 a.m., Plaintiff saw the nurse practitioner on duty.  Plaintiff told the nurse about the medication that Nurse's Aide Jane Doe 1 had given him.  (Docket Entries No.1, page 4; No.9, page 3).  The nurse told him that the nurse had "already gotten on to her about issuing un-prescribed medication."  (Id.).  Around 7:00 a.m. on May 15, 2009, Plaintiff was transported to the Conroe Medical Center, where surgery was performed.  (Id.).  Plaintiff now suffers from erectile dysfunction.  (Docket Entry No.1, page 4).

Plaintiff seeks compensatory and punitive damages from defendants on the following grounds:

1.   Defendants Correctional and Medical Staff of the Joe Corley Detention Facility were deliberately

3

indifferent to his serious medical needs by delaying treatment for his extended erection;

2.    Nurse's Aide Jane Doe negligently gave Plaintiff un-prescribed medication, which caused his condition; and,

3.    Warden Chris Strickland violated the Eighth Amendment by failing to supervise and train his offending employees.

(Docket Entries No.1, No.9).

Defendants, the Joe Corley Detention Facility, the Geo Group, Inc., and Chris Strickland move for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1915, 1915A. (Docket Entry No.31).

## II. DISCUSSION

### A.    Motion to Amend

Plaintiff seeks to amend his complaint to name Licensed Vocational Nurse Dana Mitchell Vance as the nurse practitioner who examined him on May 15, 2009, i.e., Nurse Practitioner Jane Doe 2. (Docket Entry No.36). Federal Rule of Civil Procedure 15(a)(2) requires that "[t]he court should freely give leave when justice so requires." The Fifth Circuit has closely adhered to this rule. See e.g., Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996) (noting that "[a] decision to grant leave is within the discretion of the court, although if the court lacks a substantial

4

reason to deny leave, its discretion is not broad enough to permit denial); Robertson v. Plano City of Texas, 70 F.3d 21, 22 (5th Cir. 1995) (stating that "leave to amend complaint should be granted liberally").

Defendants oppose the motion because neither Plaintiff's pleadings nor the medical records and Nurse Vance's declaration[2] indicate that she had any role in the events that gave rise to the complaint, other than her presence at the Joe Corley Detention Facility. (Docket Entry No.38). Plaintiff contends that Vance's declaration reflects her knowledge of his condition and her refusal to take appropriate measures to treat him. (Docket Entry No.40).

Plaintiff's pleadings are confusing at best. In his original complaint, Plaintiff describes Nurse Practitioner Jane Doe 1 as a white female with short blond hair. (Docket Entry No.1, page 4). In his more definite statement, Plaintiff describes the nurse practitioner as a white male. (Docket Entry No.9, page 3).[3] Likewise, Plaintiff's medical records do not clearly identify the medical practitioner who treated Plaintiff in the clinic. Progress Notes from his two clinic visits were signed by S. Cle_e. (Docket Entry No.21-4, page 2). Nevertheless, Plaintiff has identified

---

2  Docket Entries No.21-4, pages 1-3; No.23, pages 27-29, submitted pursuant to Court's Order for a report under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978).

3  Plaintiff submitted two More Definite Statements, which are duplicative. (Docket Entries No.8, No.9). For clarity, the Court will cite to the statement filed in Docket Entry No.9.

Vance as Nurse Practitioner Jane Doe 2.   Therefore, the Court
GRANTS his motion to amend the complaint to name LVN Dana Mitchell
Vance as a defendant in this case.   (Docket Entry No.36).

B.   <u>Motions to Dismiss</u>

Defendants move for dismissal pursuant to Rules 12(b)(6) and
56 of the Federal Rules of Civil Procedure.   To be entitled to
summary judgment, the pleadings and summary judgment evidence must
show that there is no genuine issue as to any material fact and the
moving party is entitled to judgment as a matter of law.   FED. R.
CIV. P. 56c.   The moving party bears the burden of initially
pointing out to the court the basis of the motion and identifying
the portions of the record demonstrating the absence of a genuine
issue for trial.   <u>Duckett v. City of Cedar Park, Tex.</u>, 950 F.2d
272, 276 (5th Cir. 1992).   Thereafter, "the burden shifts to the
nonmoving party to show with 'significant probative evidence' that
there exists a genuine issue of material fact."   <u>Hamilton v. Segue
Software Inc.</u>, 232 F.3d 473, 477 (5th Cir. 2000) (quoting <u>Conkling
v. Turner</u>, 18 F.3d 1285, 1295 (5th Cir. 1994)).   The Court may
grant summary judgment on any ground supported by the record, even
if the ground is not raised by the movant.   <u>U.S. v. Houston
Pipeline Co.</u>, 37 F.3d 224, 227 (5th Cir. 1994).

Federal Rule of Civil Procedure 12(b)(6) provides for
dismissal of an action for "failure to state a claim upon which

relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the district court construes the allegations in the complaint favorably to the pleader and accepts as true all well-pleaded facts in the complaint. La Porte Constr. Co., v. Bayshore Nat'l Bank of La Porte, Tex., 805 F.2d 1254, 1255 (5th Cir. 1986). In ruling on a Rule 12(b)(6) motion, the district court may rely only on the complaint and its proper attachments. Financial Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir. 2006). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations and internal footnote omitted).

As to those defendants who were not served with process, the Court reviews Plaintiff's pleadings pursuant to 28 U.S.C.

7

§ 1915(e)(2)(B), which requires that the Court to identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.   A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist."  Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).  A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974.

### 1.   Claims against a Privately Operated Prison

"Bivens affords the victim of unconstitutional conduct by a federal actor or agent a direct remedy under the Constitution." Abate v. Southern Pacific Transp. Co., 993 F.2d 107, 110 (5th Cir. 1993).  Bivens is the counterpart to 42 U.S.C. § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors.  Id. at n. 14.  To state a viable Bivens claim, Plaintiff must show that federal actors have deprived him of rights, privileges, or immunities secured by the Constitution or laws of the

8

United States.  *Cf.* <u>Livadas v. Bradshaw</u>, 512 U.S. 107, 132, 114 S.Ct. 2068, 2083 (1994). No implied private right of action exists, pursuant to <u>Bivens</u>, for damages against private entities that engage in alleged constitutional deprivations while acting under color of federal law.  <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 122 S.Ct. 515 (2001). Therefore, to the extent that Plaintiff seeks compensatory or punitive damages from the GEO Group, Inc. doing business as the Joe Corley Detention Facility, a privately operated federal prison, he fails to state a federal claim upon which relief may be granted.

     2.    Claims Against Privately Employed Defendants

The Supreme Court recently addressed the application of <u>Bivens</u> to claims like Plaintiff's against privately employed personnel at a privately operated federal prison as follows:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a <u>Bivens</u> remedy in such a case.

<u>Minneci v. Pollard</u>, --- U.S. ----, ----, 132 S.Ct. 617, 626 (2012). Defendants contend that the present complaint is subject to dismissal because Plaintiff's medical negligence claims do not satisfy the deliberate indifference standard and that the State of

Texas provides remedies for a denial of adequate medical care. (Docket Entry No.31, pages 14).

As in <u>Minneci</u>, Plaintiff also seeks damages from employees of a private firm, where their conduct allegedly amounts to a violation of the Eighth Amendment and where such conduct, *i.e.*, improper or inadequate medical care, typically falls within the scope of traditional state tort law. *See* <u>id.</u> at 625 (citing <u>Salazar v. Collins</u>, 255 S.W.3d 191, 198-200 (Tex. App.– Waco 2008,no pet.) for the proposition that the law in Texas, as in the seven other states where privately managed secure federal facilities are located, imposes general tort duties of reasonable care on prison employees where privately managed secure federal facilities are located). Although state law remedies may not be "perfectly congruent" with a potential <u>Bivens</u> action, <u>id.</u>, the standard followed by the Supreme Court is "whether, in general, state tort law remedies provide roughly similar incentives for potential defendants to comply with the Eighth Amendment while also providing roughly similar compensation to victims of violations. . . . [I]n practice, the answer to this question is 'Yes.'" <u>Id.</u>  Given that Plaintiff alleges civil rights violations under the Eighth Amendment for delay and denial of adequate medical care and breach of duty of care, the Supreme Court has determined that he must pursue those causes of action under state tort law.

10

Accordingly, Plaintiff's alleged <u>Bivens</u> claims against defendants Nurse's Aide Jane Doe 1, the unnamed guard, Nurse Practitioner Jane Doe 2, a/k/a LVN Dana Mitchell Vance, and Warden Chris Strickland are subject to dismissal for failure to state a claim over which this Court has jurisdiction.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED that

1.  Plaintiff's Motion to Amend the complaint to identify defendant Nurse Practitioner Jane Doe 2 as LVN Dana Mitchell Vance (Docket Entry No.36) is GRANTED.

2.  The "Motion for Summary Judgment by Defendants Joe Corley Detention Facility, the GEO Group, Inc. and Chris Strickland and Motion to Dismiss under Rule 12(b)(6), FRCP and Motion to Dismiss under 28 U.S.C. § 1915-1915A" (Document No.31) is GRANTED.

3.  Plaintiff Michael R. Vargas's <u>Bivens</u> claims against defendants the Joe Corley Detention Facility, the GEO Group, Inc., Chris Strickland, Dana Mitchell Vance, Nurse's Aide Jane Doe 1, and an unnamed guard are DISMISSED with prejudice for failure to state a <u>Bivens</u> claim upon which relief may be granted pursuant to Rule 12(b)(6).

5.  Plaintiff's claims that allege state law tort actions against the foregoing named defendants are dismissed without prejudice to being refiled in state court. Plaintiff is reminded that the period of limitations to file his state law claims in state court is TOLLED for a period of thirty (30) days after the claims are all dismissed unless state law provides for a longer tolling period. 28 U.S.C. § 1367(d).

11

This is a **FINAL JUDGMENT**.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 4th day of December, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

12